UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NESTOR A. PEREZ,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No: 6:12-cv-1900-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### ORDER[1]

    Before the Court is Commissioner's Unopposed Motion for Entry of Judgment with Remand. (Doc. 21). In her motion, the Commissioner requests that the Court remand the case under sentence four of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Id. at 2). The Commissioner represents that Plaintiff's attorney has no objection to the motion to remand.

    Sentence four empowers the court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292 (1993). The failure of the administrative law judge ("ALJ") to develop the record constitutes sufficient grounds for remand. Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986). A sentence-four remand may be appropriate to allow the Commissioner to

---

[1] The District Court referred the case to the undersigned by order dated June 5, 2013 (Doc. 16), after the parties consented to exercise of jurisdiction by a magistrate judge. (Doc 15)

explain the basis for her administrative decision. Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment). Upon remand under sentence-four, the ALJ must review the complete case record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

The Court agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is **ORDERED** that:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand is **GRANTED**.

2. The Commissioner's decision denying benefits is **REVERSED** and **REMANDED** pursuant to Sentence four of § 405(g).

3. On remand, the Administrative Law Judge will

> provide Plaintiff with an opportunity to submit additional evidence; if warranted and available, obtain medical expert testimony regarding the nature and severity of the claimant's impairments; further evaluate the opinion evidence from the treating, examining, and non-examining sources including Drs. Alvarez, Greenberg, Jungreis, Ramirez, Munson, Ranganathan, Lloyd, Stone, Barber, Patty, Bercik, and physicians at Florida Hospital, and state with particularity the weight given to each opinion; articulate the reasons for adopting or discrediting the opinions of treating physicians including those of Drs. Alvarez, Greenberg and physicians at Florida Hospital; reconsider the

>
> claimant's residual functional capacity; if warranted, give the claimant an opportunity for a hearing; if warranted, seek supplemental vocational expert testimony to determine whether there are a significant number of jobs in the national economy that the claimant can perform; and, issue a new decision.

(Doc. 21 at 1-2).

4. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file

5. The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on September 6, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record